IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. McCARTHY, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 1:CV-16-0331 |
| vs. : | |
| : | (Judge Caldwell) |
| WARDEN EBBERT, *et al.*, : | |
| : | |
| Defendants : | |

*M E M O R A N D U M*

I.  *Introduction*

The pro se plaintiff, John J. McCarthy, a former federal inmate, filed the above-captioned civil-rights action while he was incarcerated. (ECF No. 1, Compl.) McCarthy has filed an Amended Complaint (ECF No. 4) and a motion for leave to proceed *in forma pauperis* (ECF No. 5). Plaintiff alleges several conditions-of-confinement claims stemming from his stay at the United States Penitentiary in Lewisburg, Pennsylvania (USP Lewisburg).

McCarthy names only Warden Ebbert and "John Doe Agents" as defendants in his Amended Complaint. (ECF No. 4). The Amended Complaint is before the court for preliminary screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). Upon screening the complaint, the court will grant McCarthy's motion to proceed *in forma pauperis* but dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) due to Plaintiff's failure to state a claim upon which relief may be granted against the named defendant warden.

However, McCarthy will be granted leave to file a second amended complaint specifically identifying the conduct of the warden showing his personal involvement with civil-rights violations against Plaintiff. In a second amended complaint, Plaintiff shall also identify those USP Lewisburg officials and/or medical professionals who allegedly violated his constitutional rights by failing to protect him from assault, those who used excessive force against him, those who denied him medical/mental health care, and those who interfered with his legal mail. The second amended complaint shall be sufficiently specific as to time and place and allege the conduct of each defendant that violated Plaintiff's rights.

II.   *Standard of Review for Screening Pro Se In Forma Pauperis Complaints*

When a litigant seeks to proceed *in forma pauperis,* without the prepayment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint. Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. § 1915A(a). Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)(citing *Neitzke v. Williams*, 490 U.S. 319,

327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989)).  In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6).  *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).  Under Rule 12(b)(6), we "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009)).  The court may also rely on exhibits attached to the complaint and matters of public record.  *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."  Fed. R. Civ. P. 8(a)(2).  A complaint is required to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)).

To test the sufficiency of the compliant, the court "must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  First, a court must "take note of the elements a plaintiff must plead to state a claim."  *Id.* (internal quotations and brackets omitted).  Second, the court must identify allegations that are merely legal conclusions "because they . . . are not entitled to the assumption of truth."  *Id.*  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S.

at 678, 129 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). Third, a court should assume the veracity of all well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949).

A complaint filed by a pro se plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Yet, even a pro se plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.2013) (citation omitted). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

III.  *Allegations of the Amended Complaint*

"For a year and a half the defendants" have denied McCarthy protection from assault by other inmates because of his legal activities. (ECF No. 4, ¶ 2). Plaintiff claims he was assaulted six separate times while in the institution. After "most" of the assaults the "defendants" refused to document the event or provide him medical care for his injuries. (*Id.*)

He adds that staff have told inmates he is a "rat" so his cellmate would assault him. (*Id.*, ¶ 13). In one instance, where staff knew inmate Roman beat his cellie to death, SIA Sussanne Heath and Counselor Reese "and others" placed Roman in the same cell as McCarthy. (*Id.*, ¶ 15). Roman assaulted McCarthy twice and staff refused to intervene. (*Id.*)

Later, "Heath investigated some of [Plaintiff's] complaints," and removed him from the block and housed him with another inmate known to assault his cellmates. (*Id.*) Again, McCarthy was assaulted several times and staff refused to intervene or place him in protective custody. (*Id.*)

After McCarthy sought the assistance of the Lewisburg Prison Project, Heath changed Plaintiff's cell assignment. (*Id.*) Heath also issued him a retaliatory and false misconduct for fighting even though he was the assault victim. (*Id.*) Heath later placed another inmate, whom McCarthy refers to as an SMU program failure, in McCarthy's cell. That inmate also assaulted Plaintiff. (*Id.*) While in J Unit, McCarthy's cellmate assaulted him (*Id.*, ¶ 18). Again his complaints were ignored. (*Id.*)

On November 30, 2015, McCarthy fell while returning from the shower because of the pain he was suffering due to the numerous assaults he experienced. (*Id.*) Rather than administering medical care, staff directed McCarthy to return to his cell. When he fell to the floor, Hess restrained him and forced him to return to the shower area where Hess assaulted him. (*Id.*) McCarthy, still in restraints, was left on the shower floor for hours. (*Id.*) Later he was returned to his cell where he was assaulted again. Although

-5-

McCarthy reported these events to medical and others, all of his requests for help were ignored. (*Id.*)

When McCarthy arrived at USP Lewisburg he signed a protective custody authorization with staff and SIA Sussanne Heath. (*Id.*, ¶ 14). When he filed complaints for assault and the denial of protection, "Heath misrepresented" to prison officials that McCarthy had never signed the authorization form. (*Id.*)

"For a year and a half the defendants" refused to provide McCarthy with medical and mental health care for "his serious medical needs." For the past fifteen years Plaintiff has taken medication for neck pain, seizures, and a variety of mental health issues. "Doctor Edinger abruptly ceased most of his medications" because of his legal and administrative filings. (*Id.*, ¶ 3). Dr. Edinger and medical staff falsified medical records "to make it appear" as if he was receiving care or that he was refusing care when offered. (*Id.*)

"For a year and a half John Doe Agents in each and every block" where McCarthy was housed denied him access to the Bureau of Prisons' administrative remedy procedure by denying him the necessary forms or failing to address or respond to his filings. (*Id.*, ¶ 4). Although McCarthy wrote to the Bureau of Prisons and USP Lewisburg administrators, as well as the U.S. Attorney, the Attorney General and "judges," nothing was addressed. (*Id.*; *see also* ¶ 19). Additionally, McCarthy claims the Administrative Remedy Procedure is biased, prejudiced and useless. (*Id.*, ¶ 7). Whenever McCarthy filed an administrative remedy "he lost it but when in fact he should have won it." (*Id.*) Staff cover for other staff, and staff falsify facts in responding to his requests. They also do not

provide a sufficient response and "rejected McCarthy's remedies or claims for false or unfair reasons or claimed they were not related claims when in fact they were." (*Id.*) Because of "this" he could not properly exhaust many issues raised in his complaint "although he did generally exhaust many." (*Id.*)

McCarthy claims that "the defendants" failed to provide him "meaningful access to the Courts or access to the Law Library." (*Id.*, ¶ 11). He also claims John Doe staff members "circumvent[ed] [his] general and legal mail". (*Id.*, ¶ 5). Frequently when McCarthy sent registered mail he would fail to receive the return receipt. (*Id.*) McCarthy claims courts dismissed his claims for failing to respond to court orders. (*Id.*) Similarly, when Plaintiff sent legal work to the main law library to be photocopied, his legal materials were either never received by staff or never returned to him. (*Id.*, ¶ 6). Due to these actions McCarthy "lost cases" and could not respond to court orders or meaningfully litigate or appeal his conditions-of-confinement cases. (*Id.*) Staff also denied McCarthy access to Money Withdrawal Forms and refused to process his *in forma pauperis* forms resulting in the dismissal of many of his cases. (*Id.*, ¶ 10).

McCarthy also alleges that "several times" he was "placed in excessively hard tight restraints for no valid reason and placed in strip cells for several days at a time" in violation of laws and regulations. (*Id.*, ¶ 8). He was also assaulted by staff and denied medical care. Plaintiff was denied due process at disciplinary hearings. (*Id.*) He was also denied due process and proper placement in a Residential Re-entry Center under the Second Chance Act in retaliation for his legal activities. (*Id.*, ¶ 9.)

As noted, only Warden Ebbert and John Doe Agents are named in the caption of the Amended Complaint.

IV. *Discussion*

    A. *Claims Against Warden Ebbert*

To successfully state a § 1983 claim, a plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct complained of deprived the plaintiff of rights, privileges, or immunities secured by the laws or the Constitution of the United States. *Rehberg v. Paulk*, ___ U.S. ___, ___, 132 S.Ct. 1497, 1501, 182 L.Ed.2d 593 (2012); *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014).

To establish liability for the deprivation of a constitutional right, an individual government defendant must have personal involvement in the alleged wrongs; liability cannot be predicated based on the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). "It is uncontested that a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71-72 (3d Cir. 2011). This personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (noting that "a

supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000).

We note that Warden Ebbert's name only appears in the caption of the Amended Complaint. His name is not mentioned anywhere in the body of the complaint. While McCarthy mentions the involvement of other individuals in some of the alleged activities, even those allegations provide little, if any specific basis, as to alert the other individuals as to the basis of any claims against them. Clearly, Warden Ebbert is named strictly on a *respondeat superior* basis. As noted above, a plaintiff "cannot predicate liability on her § 1983 claims on a *respondeat superior* basis." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 227 (3d Cir. 2015) (citing *Rode*, 845 F.2d at 1207). Because McCarthy fails to adequately allege facts of personal involvement on the part of Warden Ebbert the Amended Complaint against him will be dismissed. However, McCarthy will be granted leave to file an amended complaint as to this defendant.

### B. *Leave to Amend*

McCarthy will be granted twenty-one days to file a second amended complaint alleging the personal involvement of Warden Ebbert in his claims. He may also name others he claims were involved with the alleged events. If he does not know the names of these individuals, he may name John Does as defendants, but the case may only

-9-

continue if a specific person is named against whom a valid claim has been alleged. If McCarthy elects to file a second amended complaint, he is advised that he must clearly designate on the face of the document that it is the "Second Amended Complaint," and it must bear the docket number assigned to this case, and it must be retyped or legibly rewritten in its entirety, preferably on the court-approved form.

In addition, the second "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the [amended] complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). McCarthy is advised that any second amended complaint supercedes his first amended complaint and the original complaint. McCarthy is advised his second amended complaint must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. V. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013). Consequently, all causes of action alleged in the amended complaint which were not dismissed with prejudice and are not alleged in the second amended complaint, are waived.

McCarthy is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific enough as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that

led to deprivation of his rights.  *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948.  He must also specify the relief he seeks.

McCarthy's failure to file an appropriate second amended complaint within the required time will result in his lawsuit being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.  Finally, McCathy is cautioned that illegible submissions will be returned to him without consideration.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date:  April 24, 2017